UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMMY CHRISTINE BRANCH** | **CIVIL ACTION** |
| **VERSUS** | **NO:      22-0913** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **SECTION: "J" (4)** |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 17)** filed by Tammy Christine Branch ("Branch") and a **Cross-Motion for Summary Judgment (Rec. Doc. 18)** by the Commissioner. This is an action for judicial review of a final decision of the Commissioner of Social Security, pursuant to Title 42 United States Code § 405(g). The Commissioner denied Plaintiff, Branch eligibility for Supplemental Security Income.

**I.    Background**

Branch is a 49-year-old, 140 pound, 5' 7" female, with a 12th grade education, who has past relevant work as a restaurant crew member of a loan company and restaurant at the time of her application. Rec. Doc. 14, Tr. 247. Branch filed an application for Supplemental Security Income Benefits on September 24, 2019. *Id*. at Tr. 215-221. Branch alleges that she became disabled due to bipolar disorder, depression, back problems, fibromyalgia, high cholesterol knee and neck problems and endometriosis beginning on January 2, 2011. Rec. Doc. 14, Tr. 245.

Branch's application was denied on August 17, 2020. Rec. Doc.14, Tr. 14-38. Branch's application for reconsideration was denied on February 16, 2021. *Id*. at Tr. 1-6. Thereafter, Branch filed a request for hearing by an ALJ on March 5, 2021. *Id*. at Tr. 292-294. A hearing took place on July 27, 2021, by telephone due to the extraordinary circumstance presented by the Coronavirus  Disease (COVID-19). *Id*. at Tr. 194-195, 40-74. The ALJ denied Branch's claim on August 17, 2021, finding that she was not disabled under

the meaning of the Social Security Act, from July 29, 2019, the date the application was filed. *Id*. at Tr. 32.

In its decision, the ALJ analyzed Branch's claims pursuant to the five-step[1] evaluation process used to determine whether a claimant is "disabled." Using this process, the ALJ found that Branch has not engaged in substantial gainful activity since July 29, 2019. *Id*. at Tr. 19. She further found that Branch had severe impairments consisting of a cervical disorder with stenosis and radiculitis, fibromyalgia, lumbar degenerative changes, bilateral knee osteoarthritis, rheumatoid arthritis, panic disorder, social anxiety disorder, personality disorder, learning disorder, and opiate addiction. *Id*.

Having determined Branch's medically determinable impairments, the ALJ found that she did not have an impairment or combination of impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under Sections, 1.15, 1.18, 12.06, and 12.08. *Id*. at Tr. 20.

The ALJ held that Branch has the residual functional capacity to perform light work except that she can never climb ladders, ropes or scaffolds. The ALJ found that she can occasionally climb ramps and stairs. Also, the ALJ found that she can balance stoop, kneel, crouch and crawl. *Id*. at Tr. 24.Further, the ALJ held that Branch can occasionally reach overhead with the bilateral upper extremities, she can occasionally push and pull, and operate foot controls with the bilateral lower extremities. *Id*. The ALJ further held that Branch must avoid all exposure to workplace hazards such as unprotected heights and dangerous moving machinery. *Id*. The ALJ further held that Branch could complete simple routine tasks in

---

[1] To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. *Carey v. Apfel*, 230 F.3d 131, 134-35 (5th Cir. 2000); citing *Crowley v. Apfel*, 197 F.3d 194 (5th Cir. 1999).
First, the claimant must not be presently working at any substantial gainful activity. Id. Second, the claimant must have an impairment or combination of impairments that are severe. Id. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Id., citing Crowley, 197 F.3d 194, 197-98. Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Id. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work that exists in the national economy, considering the claimant's residual functional capacity, age, education, and past work experience. *Id. See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

an environment involving simple work-related decisions, occasional workplace changes, and occasional interaction with supervisors, coworkers and the public, as part of the job duties. *Id*.

The ALJ found that Branch has no past relevant work. She found that Branch was closely approaching advanced age since she was 49-years-old, which is defined as a younger person. *Id*. at Tr. 30. The ALJ found that Branch has at least a high school education and that transferability of job skills is not an issue because she has no past relevant work. *Id*. The ALJ found that based on Branch's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Branch can perform. *Id*. Finally, the ALJ found that Branch has not been under a disability as defined by the Social Security Act from November 21, 2018, through the date of the decision. *Id*. at Tr. 21.

The Appeals Council denied Branch's Request for Review on February 16, 2022. *Id*. at Tr. 1-6. Thereafter, Branch filed the instant action in federal court, on April 6, 2022,[2] seeking review of the ALJ's decision on the grounds that the ALJ failed to apply the proper legal standard when determining Branch's RFC for two reasons. These reasons include: (1) the ALJ failed to evaluate the medical opinion of Dr. Yuratich per controlling regulations; and (2) the ALJ's RFC determination is the product of a legal opinion because it did not account for all of Branch's mental health limitations. *Id*. at 7.

## II. Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial

---

[2]*See* Rec. Doc. No. 1.

evidence, the Commissioner's findings are conclusive and must be affirmed. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). However, an ALJ's failure to apply the correct legal test constitutes a ground for reversal. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Substantial evidence is more than a scintilla and less than a preponderance and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion. *Ripley v. Chater,* 67 F.3d, 552, 555 (5th Cir. 1995) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found where there is only a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973). However, a single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians. *Franklin v. Soc. Sec. Admin.*, No. 12-2681, 2013 WL 5739078, at *2 (E.D. La. Oct. 22, 2013) (citing *Kent v. Schweiker,* 710 F.2d 110, 114 (3rd Cir. 1983).

**III.    Analysis**

    *A.    Weight Given to Dr. Fontenelle's Opinion by the ALJ*

Branch contends that the ALJ erred when he failed to evaluate the medical opinion of Dr. Yuratich properly by explaining how persuasive he found the medical opinion by refencing objective medical evidence. Rec. Doc. 17-2. Branch contends that the ALJ made broad, conclusory statements in reaching her determination and failed to meet the basic requirements under the regulations. *Id*. at 4. Branch also contends that it is unclear how the records documenting her ailments are inconsistent with Dr. Yuritach's opinion that she would need additional breaks or have unscheduled breaks. *Id*. at 5.

In opposition, the Commissioner contends that the ALJ properly considered the March 23, 2021, check marked form of Dr. Paul Yuratich and found that his opinion was not persuasive. Rec. doc. 18-1. The

4

Commissioner contends that the ALJ explained why Dr. Yuratich's opinion was not persuasive referencing the lack of support by Branch's treatment notes which showed the claimant had relatively normal physical findings. *Id*.

In the opinion, the ALJ found as follows:

Paul Yuritach, M.D., opined that the claimant's impairments often interfere with her attention and concentration required to perform simple work-related tasks. Dr. Yuritach added that the claimant can only sit two hours in a workday, stand/walk one hour in a workday, walk one sitting block before resting, and lift and carry less than ten pounds occasionally. Dr. Yuritach added that the claimant would miss more than four days of work a month and she would have significant upper extremity limitations. (B-17F). This opinion is not persuasive. This opinion is not supported with the claimant's treatment notes that show that the claimant has relatively normal physical examination findings including normal strength and full range of motion. (Exhibit B-21F). Moreover, the claimant's subsequent treatment notes from June 2021 are inconsistent with the extreme functional limitations as the claimant again had normal ambulation and extremity use. (Exhibit B-21F, 4-7), Rec. Doc. 14, Tr. 29.

Reviewing the ALJ's opinion there is no reference to Dr. Yuritach's conclusion that Branch would need to take unscheduled breaks during an 8 hour day at least hourly for 15 mins. *See* Exhibit B17F, Tr. 689. The ALJ did consider the issue of extremity limitations that Dr.Yuritach found and compared it to the actual treatment records from LCMC, noting that these records showed that she was ambulatory and had no limitations. *See* Exhibit B-21F, Tr. 792-793, 797, 806. The ALJ further found in reviewing those records that she had normal strength and full range of motion. *See id*.

The ALJ is not required to provide a point-by-point discussion of each and every medical opinion contained in a medical source statement from a given medical provider, see 20 C.F.R. § 404.1520c(b)(2), but she must still provide some explanation for her reasons for rejecting a medical opinion of record. *See Loza v. Apfel,* 219 F.3d 378 ( 5th Cir. 2000); *see also Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination.").

However, the opinion is devoid of any indication as to whether the ALJ considered the pain limitation assessed by Dr. Yuritach in question 5 in the check box form. Failing to address this portion of

Dr. Yuritach's opinion was in error by the ALJ.

There is no requirement that a conclusory check box form be controlling, and determinative and may be discounted. *DeJohnette v. Berryhill*, 681 Fed. Appx. 320, 321-22 (5th Cir. 2017).   Additionally, Dr. Yuritach's check box form provided no explanation and failed to reference any objective medical evidence on which he relied. Further, the use of such checklist forms is generally viewed with disfavor among the federal courts of appeals and district courts within the Fifth Circuit when the forms are not adequately supported by any narrative citations to clinical findings. *Brown v. Astrue*, No. 11-2919, 2013 WL 620269, at *6 (E.D. La. Jan. 18, 2013). *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating doctor's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examination ...").

Thus, it is not probable that the ALJ would have arrived at a different conclusion had she explained her finding that Dr. Yuritach's opinion, including his pain assessment, is unpersuasive. Dr. Yuritach provided no explanation and no reference to medical records supporting his conclusion of unscheduled breaks at least hourly for fifteen minutes. Any such explanation would have been that there was no evidence of supportability referenced in Dr. Yuritach's assessment. *Id*.; *See Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005) (affirming ALJ's decision when it was not probable a different result would have occurred but for the ALJ's error). Therefore, the error was harmless and the ALJ's decision regarding Dr. Yuritach is based on substantial evidence.

  **B.**  *Adequacy of the ALJ's RFC determination*

Branch contends that the ALJ's opinion is not based upon substantial evidence because while she determined that Branch had mental impairments, the RFC does not appear to consider limitations resulting from her ability to concentrate, persist, or pace. Branch contends further that the opinion does not seem to consider her ability to adapt or manage oneself, nor does it account for each of her mental health limitations.

The Commissioner contends that the ALJ's residual functional capacity finding accounted for the

impairment-functional limitations that the ALJ found to be supported by the evidence. The Commissioner further contends that the fact that Branch disagrees with the ALJ's evaluation of the evidence does not render the RFC finding incomplete. Nor is it sufficient to establish error.

According to the record, the ALJ found that Branch had severe physical and mental impairments in each of the four areas detail in the regulations regarding mental impairments. The ALJ, however, ultimately found that Branch retained the residual functional capacity to perform a limited range of light work. Rec. Doc. 14, Tr. 23. She further found that Branch could, perform simple routine tasks in an environment involving simple work related decisions, occasional workplace changes and occasional interaction with supervisors, coworkers and the public, as part of the job duties. *Id*. at Tr. 24.

In determining the severity of her mental impairments at steps 2 and 3 of the sequential process, the ALJ determined that the record did not support the degree of functional limitation to meet or equal the criteria of any listed impairment. In considering the medical records, the ALJ noted the medical evidence of record regarding Branch's panic disorder, social anxiety disorder, personality disorder, learning disorder, and opiate addiction, supported the mental residual functional capacity assessment. In looking at her anxiety, the ALJ found that Branch's anxiety and panic disorder was stable with medication. *Id*. at Tr. 26. After conducting a review of the medical records, the ALJ adequately explained how her RFC accounted for each of the mental health limitations which were managed with medication and showed stability of her impairments.

The ALJ went on to note her memory difficulties per the consultative examiner's findings along with multiple subjective complaints. *Id*. at Tr. 27. As a result, Branch was limited to performing simple, routine tasks. *Id*. To avoid increased stress she could only work in an environment that involved only simple work-related decisions and occasional workplace changes. Regarding her social anxiety, her interactions were to be limited with supervisors, coworkers, and the public. *Id*.

As other courts in this circuit as well as the Fifth Circuit have found, the ALJ accounted for her

step 3 findings with regard to concentration, persistence, and pace in his RFC assessment limiting Plaintiff to "simple, routine tasks." *Id*. at Tr. 27. *See Jackson v. Astrue*, 207 WL 3996437 (La. M. D. 2017). In an earlier decision, the Fifth Circuit court concluded that "restrictions to rare public interaction, low stress, and simple, one- to two-step instructions reflect that the ALJ reasonably incorporated [the plaintiff's] moderate concentration, persistence, and pace limitations." *Bordelon v. Astrue*, 281 Fed. Appx. 418, 423 (5th Cir.2008) (unpublished) (per curiam). Further, a mental RFC limiting the plaintiff to "simple, routine tasks" was supported by substantial evidence even though the plaintiff had a moderate limitation in concentration, persistence, and pace. *See Barr v. Astrue*, No.2012 WL 2358307, *4–5 (N.D. Tex. June 21, 2012).

As for Branch's ability to adapt or manage oneself, the opinion reflected that Branch's testimony demonstrated that she does not feel normal and her mood swings are often. *Id*. at Tr. 25. The ALJ added that she has panic attacks despite medications and speech therapy. It further reflected that she could not be around men, and that she has a hard time interacting with people in general. *Id*. The ALJ further noted Branch's daily activities where she reported that she takes her medications and spends time watching television with her roommate. She asserted that she stays in her room most of the day. *Id*.

The ALJ further noted that Branch reported that she prepares small meals and takes care of her personal care activities. *Id*. She reportedly does laundry, cleans up after herself, and tries to do a few chores every day. *Id*. The ALJ noted that Branch sometimes goes to the store, she reads and does crossword puzzles. *Id*. The Court finds that the ALJ considered Branch's limitations as to her ability to adapt and manage herself. Therefore, the Court finds that the ALJ's RFC finding is based on substantial evidence.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED.**

**IT IS FURTHER ORDERED** that **the Motion for Summary Judgment (Rec.**

**Doc. 17)** filed by Tammy Christine Branch is  **DENIED.**

**IT IS FURTHER ORDERED** that the **Cross-Motion for Summary Judgment (Rec. Doc. 18)** filed by the Commissioner is **GRANTED**.

**IT IS FURTHER ORDERED** that that the plaintiff, Tammy Christine Branch's claims for Supplemental Security Income is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 17th day of May 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**